NOT FOR PUBLICATION

FILED

AUG 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| FLORENTINA DEMUTH, | No. 12-57197 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-06783-MWF-CW |
| v. | |
| COUNTY OF LOS ANGELES, a public entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; WAI CHIU R. LI, an individual, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted February 10, 2015
Pasadena, California

Before:  **KOZINSKI**, **CHRISTEN** and **HURWITZ**, Circuit Judges.

   **1.**  Quasi-judicial immunity protects only those "who faithfully execute valid court orders."  Coverdell v. Dep't of Soc. & Health Servs., 834 F.2d 758, 764 (9th Cir. 1987).  Referee Shirley's comment explicitly provided for a non-arrest

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

alternative in the event that Demuth refused to come to court. Because "absolute immunity does not protect defendants from damage claims directed . . . to the manner of [a court order's] execution," Li isn't entitled to quasi-judicial immunity. Martin v. Bd. of Cnty. Comm'rs of Cnty. of Pueblo, 909 F.2d 402, 405 (10th Cir. 1990).

**2.** The district court's rejection of Demuth's state law claims against Li and the County of Los Angeles was premised entirely on its conclusion that Li's conduct was reasonable. Because we hold in our opinion filed concurrently with this memorandum that Li's conduct was not reasonable, we remand for reconsideration of these claims.

**3.** The district court properly treated Demuth's wrongful arrest and excessive force claims as one and the same because both claims depended entirely on Li's allegedly unauthorized arrest of Demuth.

**AFFIRMED IN PART, REVERSED IN PART.**

Costs to appellant.